**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| DARRYL DALTON and | : | |
| OCTAVIA DALTON, | : | |
| | : | |
|     Plaintiffs, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 1:12-CV-02848-RWS |
| | : | |
| STATE FARM FIRE AND | : | |
| CASUALTY COMPANY, | : | |
| | : | |
|     Defendant. | | |

## ORDER

This case comes before the Court on Defendant's Rule 12(b)(6) Motion
to Dismiss Complaint [3] and Plaintiffs' Motion for Partial Summary Judgment
on the Issue of Liability [7] and/or for Time to Amend Complaint [7].  After
reviewing the record, the Court enters the following Order.

### Background[1]

This case concerns a dispute over insurance proceeds allegedly owed
Plaintiffs under their homeowners insurance policy with Defendant.  Plaintiffs
obtained a homeowners insurance policy (the "Policy") from Defendant to

---

[1] For purposes of Defendant's Motion to Dismiss [3], the facts alleged in the
Complaint are accepted as true.  Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273
n.1 (11th Cir. 1999).

cover their home in Ellenwood, Georgia.  (Compl., Dkt. [1-1] at 5 of 55, ¶ 7.)

Plaintiffs suffered damage to their home and loss of personal property as a

result of three separate incidents: (1) their water heater "blew up" on July 13,

2010; (2) their water heater again "blew up" (or "explod[ed]") on or about

December 18, 2010; and (3) certain personal property was stolen from the home

on or about December 18, 2010 when the home was being repaired.  (Id. at 5-6

of 55, ¶ 8.)

 Plaintiffs notified Defendant of each loss and filed three separate claims

under the Policy.  (Id.)  Plaintiffs allege that as part of Defendant's investigation

of the claims, Defendant made multiple requests for "proof of loss statements"

and other documentation related to the claims, with which Plaintiffs fully

complied.  (Id. at 5-7 of 55, ¶¶ 9-11.)  On April 10, 2012, Plaintiffs made a

written demand for payment of each of the three claims.[2]  (Id. at 7-8 of 55, ¶¶

14-15.)  Plaintiffs allege that despite their written demand for payment, and the

_____

 [2] Plaintiffs allege that they made a demand for payment on April 10, 2010.
(Compl., Dkt. [1-1] at 7 of 55, ¶ 14.)  However, as Defendant points out (Def.'s Mem.
of Law in Supp. of its Rule 12(b)(6) Mot. to Dismiss ("Def.'s Mem."), Dkt. [3-1] at 2
n.1), this would have been before the first claim arose.  Defendant represents that the
written demand was sent on April 10, 2012, rather than April 10, 2010, and Plaintiff
makes no objection to this representation.

fact that they provided Defendant sufficient documentation and evidence to verify the validity of their claims, Defendant has failed and refused to pay Plaintiffs the proceeds under the Policy.  (<u>Id.</u> at 6-10 of 55, ¶¶ 11-12, 14-16, 27, 29.)  Plaintiffs further allege that Defendant's failure to pay the claims was in breach of the Policy and was willful, in bad faith, and fraudulent.  (<u>Id.</u> at 8-10 of 55, ¶¶ 19, 23, 27, 28, 29.)  Plaintiffs filed the instant Complaint, raising claims for breach of contract (Count I), statutory bad faith, fraud, and violation of the Georgia Racketeer Influenced and Corrupt Organizations ("RICO") Act (Count II).  In addition to compensatory damages, Plaintiffs seek punitive damages and an award of attorney's fees.  (<u>Id.</u> at 7, 10-11 of 55, ¶¶ 12, 30, Section V.)

Defendant now moves to dismiss the Complaint in its entirety pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6).  Defendant argues that Plaintiffs' claims for breach of contract and statutory bad faith are due to be dismissed because they are time-barred under the one year limitation on the right to sue contained in the Policy.  (Def.'s Mem., Dkt. [3-1] at 4-6.)  Defendant argues that Plaintiff's claims for fraud and violation of the Georgia RICO statute are due to be dismissed because they fail to satisfy the heightened pleading requirements of Rule 9(b).  (<u>Id.</u> at 6-14.)

3

In response,[3] Plaintiffs contend that their losses were caused by fire and therefore that their claims for breach of contract and statutory bad faith are not subject to the contractual one year limitation on the right to sue but, rather, are subject to a two year statute of limitations under Georgia law.  (Pl.'s Resp., Dkt. [4] at 6-8.)  In support of this argument, Plaintiffs point to their allegations in the Complaint that the water heater "blew up" or "explo[ded]."  (Id. at 9-10.) Plaintiffs thus seek denial of Defendant's Motion to Dismiss and/or leave of Court to amend their Complaint.  (Id. at 9-10.)  Plaintiffs move to amend their Complaint to more clearly allege that the losses were caused by fire and "to satisfy the heightened pleading standard or any other issues deemed appropriate."  (Id. at 9-10.)  Finally, Plaintiffs move the Court for partial summary judgment on the issue of liability.  (Id. at 11.)

## Discussion

## I.    Defendant's Motion to Dismiss

---

[3] Plaintiff's response is styled as a response in opposition to Defendant's Motion to Dismiss and a Motion for Partial Summary Judgment on the Issue of Liability and/or for Time to Amend the Complaint.  (Pls.' Resp. to and Motion to Deny Def.'s Mot. to Dismiss Compl. and Grant Pls.' Mot. for Partial Summ. J. on the Issue of Liability and or Time to Amend Its Complaint ("Pl.'s Resp."), Dkt. [4].)  (See also Dkt. [7] (same brief docketed as Plaintiff's Motion for Partial Summary Judgment and/or for Time to Amend Complaint).)

4

A.      Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  While this pleading standard does not require "detailed factual allegations," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  In order to withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570).  A complaint is plausible on its face when the plaintiff pleads factual content necessary for the court to draw the reasonable inference that the defendant is liable for the conduct alleged.  Id.

At the motion to dismiss stage, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff."  Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999).  However, the same does not apply to legal conclusions set forth in the complaint.  Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citing Iqbal, 556 U.S. at 678).  "Threadbare recitals of the

5

elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678.  Furthermore, the court does not "accept as true a legal conclusion couched as a factual allegation."  Twombly, 550 U.S. at 555.

> B.  Analysis

> > 1.  *Fraud and Violation of Georgia RICO Act (Count II) and Punitive Damages (Section V)*

As stated above, Defendant moves to dismiss Plaintiffs' fraud and civil RICO claims for failure to allege the essential elements of these claims and to comply with the heightened pleading requirements of Rule 9(b).  Plaintiff seeks leave to amend the Complaint, should the Court find it necessary, "to satisfy the heightened pleading standard or any other issues deemed appropriate."  (Dkt. [4], [7] at 10.)  The Court agrees with Defendant that Plaintiffs' claims for fraud and violation of the Georgia RICO statute are due to be dismissed.  Moreover, as discussed in Part II, infra, Plaintiffs have failed to show grounds on which leave to amend should be granted with respect to these claims.

Under Rule 9(b), to state a claim for fraud, "a party must state with particularity the circumstances constituting fraud."  Fed. R. Civ. P. 9 (b).  To

comply with the particularity requirement of Rule 9(b), Plaintiffs' Complaint

must set forth:

> (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the [P]laintiff[s], and (4) what the [D]efendant[ ] "obtained as a consequence of the fraud."

Brooks v. Blue Cross & Blue Shield of Fla., 116 F.3d 1364, 1371 (11th Cir.

1997) (citations omitted).  Civil RICO claims, "which are essentially a certain

breed of fraud claims," are subject to the same heightened pleading

requirements.  Ambrosia Coal & Constr. Co. v. Pages Morales, 482 F.3d 1309,

1316 (11th Cir. 2007).

In this case, Plaintiffs have failed to plead their fraud and civil RICO

claims with sufficient particularity.  With respect to Plaintiffs claim for fraud,

Plaintiffs have not pointed to a specific representation or omission that is

alleged to be fraudulent, the time or place such representation or omission was

made, the person or persons responsible for making it, or how Plaintiffs were

misled thereby.  The only conduct Plaintiffs allege on the part of Defendant is

that it requested an unreasonable amount of documentation related to Plaintiffs'

AO 72A
(Rev.8/82)

claims under the Policy and then failed to pay the claims.  (See, e.g., Compl.,

Dkt. [1-1] at 10 of 55, ¶ 27 ("Defendant's . . . failure to pay the claim based on

all the documents produced by Plaintiffs amount to bad faith and fraud . . . ."); ¶

29 ("The Defendants continued request for documentation of the Plaintiffs'

complete lives after receiving overwhelming documentation and physical

evidence which verified the loss of the Plaintiffs amounted to harassment and

an intentional act to defraud the Plaintiffs.").)  However, as Defendant argues,

"[a]ssuming as true Plaintiffs' allegations," "nothing in those allegations

remotely rises to the level of fraud."  (Def.'s Mem., Dkt. [3-1] at 10.)

      Plaintiffs' RICO claim is likewise subject to dismissal.  The Georgia

RICO Act provides:

> (a)    It is unlawful for any person, through a pattern of
> racketeering activity or proceeds derived therefrom, to
> acquire or maintain, directly or indirectly, any interest in or
> control of any enterprise, real property, or personal property
> of any nature, including money.

> (b)    It is unlawful for any person employed by or associated with
> any enterprise to conduct or participate in, directly or
> indirectly, such enterprise through a pattern of racketeering
> activity.

> (c)    It is unlawful for any person to conspire or endeavor to
> violate any of the provisions of subsection (a) or (b) of this

Code section.

O.C.G.A. § 16-14-4. "Racketeering activity" is defined as "to commit, to attempt to commit, or to solicit, coerce, or intimidate another person to commit any crime which is chargeable by indictment under [certain enumerated laws]." O.C.G.A. § 16-14-3(9)(A). Thus, as Defendant argues, to state a claim under the civil RICO statute, a claimant must allege at least two predicate acts of conduct that are crimes chargeable by indictment under certain laws of the state of Georgia or the United States.

In this case, Plaintiffs have failed to allege a single predicate act on the part of Defendant that could sustain a civil RICO claim, much less with the particularity required by Rule 9(b). On the contrary, Plaintiffs' RICO claim appears to be premised on the same allegations underlying their claim for fraud. (See, e.g., Compl., Dkt. [1-1] at 10 of 55, ¶ 30 ("The Defendant has engaged in acts with the intent of depriving the Plaintiffs their rights to recover under a valid claim thus, depriving with the intent to keep money that should have been paid to the Plaintiffs on two or more occasions which amounts to acts that fall under the . . . Georgia RICO act. . . . The Defendant has acted with the intent of defrauding the Plaintiffs and has [shown] a pattern of fraud which amounts to

9

theft and violation of the Georgia RICO act as well as the RICO statute under Federal Law."[4]).)  Even considering Plaintiffs' conclusory allegation of "fraud amounting to theft," Plaintiffs have not plausibly alleged a pattern of criminal conduct chargeable by indictment under Georgia or federal law, much less with the particularity required by Rule 9(b).  Plaintiffs' RICO claim therefore fails as a matter of law.

Accordingly, Defendant's Motion to Dismiss [3] is **GRANTED** with respect to Plaintiffs' fraud and RICO claims (Count II).  Because these are the only claims that could support the recovery of punitive damages,[5] the Motion to Dismiss [3] is also **GRANTED** with respect to Plaintiffs' claim for punitive damages (Section V).

2.   *Breach of Contract (Count I) and Statutory Bad Faith (Count II)*

---

[4] Plaintiffs do not enumerate as a Count of the Complaint a claim under the federal RICO statute.  To the extent they seek to raise a federal RICO claim, it fails for the same reasons the Georgia RICO claim fails. (See 18 U.S.C. § 1962.)

[5] Plaintiffs' statutory claim for bad faith pursuant to O.C.G.A. § 33-4-6, if successful, would not support an award of punitive damages.  See O.C.G.A. § 33-4-6 (providing penalty for insurer's bad faith refusal to pay insurance proceeds); Great Sw. Express Co., Inc. v. Great Am. Ins. Co. of New York, 665 S.E.2d 878, 881 (Ga. Ct. App. 2008) (holding "the penalties contained in O.C.G.A. § 33-4-6 are the exclusive remedies for an insurer's bad faith refusal to pay insurance proceeds" and therefore statutory bad faith claim cannot sustain claim for punitive damages).

As stated in the Background section, <u>supra</u>, Defendant moves to dismiss Plaintiff's claims for breach of contract and statutory bad faith on grounds that they are barred by the one year limitation on the right to sue under the Policy. Plaintiffs do not dispute that the claims were not brought within the one year period permitted by the Policy.  Plaintiffs argue, however, that the contractual limitation on their right to sue is inapplicable in this case because the losses giving rise to their claims were caused by fire and, therefore, are subject to a two year statute of limitations under Georgia law.  (<u>See generally</u> Pls.' Resp., Dkt. [4] (citing Complaint allegations that water heater "blew up" or "explo[ded]," causing Plaintiffs' losses).)

In this regard, Plaintiffs move the Court for leave to amend their Complaint to more clearly allege that the losses at issue were caused by fire, citing the Complaint allegations that the water heater "blew up" or "exploded." (Dkt. [4], [7] at 9-10.)   In reply, Defendant argues that Plaintiffs, heretofore, have never asserted that the losses were caused by fire; they oppose Plaintiffs' request for leave to amend on grounds that Plaintiffs' new allegations regarding

11

fire loss are contradicted by Plaintiffs' own prior statements.[6]  (See Def.'s

Reply in Supp. of its Rule 12(b)(6) Mot. to Dismiss Complaint and Resp. in

Opp'n to Pls.' Mot. for Time to Amend Compl. ("Def.'s Reply and Opp'n to

Pl.'s Mot. to Amend"), Dkt. [10].)

As discussed in Part II, infra, the Court finds that Plaintiffs should be

granted leave to amend to clarify their allegations as to the cause of the losses

giving rise to the Complaint.  Accordingly, Defendant's Motion to Dismiss [3]

 is **DENIED, without prejudice**, as to Plaintiff's claims for breach of contract

(Count I) and statutory bad faith (Count II).

## II.    Plaintiff's Motion for Time to Amend Complaint [7]

Under Rule 15(a)(1) of the Federal Rules of Civil Procedure, a party may

amend a pleading once as a matter of right within twenty-one days after service

of the pleading, or, if the pleading requires a response, within twenty-one days

after service of a responsive pleading or motion filed under Rule 12(b), (e), or

(f).  Otherwise, under Rule 15(a)(2), the party must seek leave of court or the

written consent of the opposing parties to amend.  Rule 15(a)(2) directs the

---

[6] Defendant does not dispute Plaintiffs' assertion that their claims under the Policy, if caused by fire loss, would not be subject to the Policy's one year limitation on the right to file suit.

12

Court to "freely give leave when justice so requires."  Despite this instruction, however, leave to amend is "by no means automatic."  Layfield v. Bill Heard Chevrolet Co., 607 F.2d 1097, 1099 (5th Cir. 1979).[7]  The trial court has "extensive discretion" in deciding whether to grant leave to amend.  Campbell v. Emory Clinic, 166 F.3d 1157, 1162 (11th Cir.1999).

Plaintiffs move to amend their Complaint to clarify their allegations that the losses giving rise to their claims in this case were caused by fire.  With respect to their fraud and RICO claims, Plaintiffs seek to amend, in the event the Court finds it necessary, "to satisfy the heightened pleading standard [of Rule 9(b)] or any other issues deemed appropriate."  (Dkt. [4], [7] at 9-10.)  The Court finds that Plaintiffs should be permitted leave to amend, with respect to their claims for breach of contract and statutory bad faith, to clarify their allegations that the underlying losses were caused by fire.  Indeed, in the Complaint, Plaintiffs allege that the water heater "blew up" or "explo[ded]." The fact that Plaintiffs' earlier statements may contradict their current assertion that the losses were caused by fire is immaterial at the motion to dismiss stage

_____

[7] In Bonner v. City of Prichard, the Eleventh Circuit Court of Appeals adopted as binding precedent all decisions of the former Fifth Circuit decided before October 1, 1981.  661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

of the litigation and therefore does not affect the Court's analysis.  Accordingly,

Plaintiffs' Motion for Time to Amend [7] is **GRANTED** to permit Plaintiffs to

clarify their allegations that the losses underlying their claims were caused by

fire.

The Court finds, however, that Plaintiffs have not shown any basis on

which leave to amend should be granted with respect to their fraud and RICO

claims, as Plaintiffs do not point to any new allegations they wish to raise by

amendment that could cure the pleading deficiencies of these claims.

Accordingly, Plaintiffs' Motion for Time to Amend [7] is **DENIED** with

respect to Plaintiffs' fraud and RICO claims, which claims, as stated above, are

dismissed.

III.   **Plaintiffs' Motion for Partial Summary Judgment on the Issue of Liability [7]**

Finally, Plaintiffs move the Court to enter partial summary judgment in

their favor on the issue of Defendant's liability.  (Dkt. [4], [7] at 11.)  Under the

local rules of this Court,

> A movant for summary judgment shall include with the motion and
> brief a separate, concise, numbered statement of the material facts
> to which the movant contends there is no genuine issue to be tried.
> Each material fact must be numbered separately and supported by

AO 72A
(Rev.8/82)

> a citation to evidence proving such fact.  <u>The court will not</u>
> <u>consider any fact: (a) not supported by a citation to evidence . . .;</u>
> <u>(b) supported by a citation to a pleading rather than evidence; (c)</u>
> <u>stated as an issue or legal conclusion; or (d) set out only in the</u>
> <u>brief and not in the movant's statement of material facts.</u>

LR, NDGa 56.1(B)(1).  In this case, Plaintiffs have failed to file a statement of

material facts in support of their motion, in violation of this rule.  Accordingly,

the Motion for Partial Summary Judgment [7] is **DENIED**.

### Conclusion

In accordance with the foregoing, Defendant's Rule 12(b)(6) Motion to

Dismiss Complaint [3] is **GRANTED in part** and **DENIED in part**.  It is

**GRANTED** with respect to Plaintiffs' fraud and civil RICO claims (Count II)

and claim for punitive damages (Section V), which claims are hereby dismissed.

It is **DENIED without prejudice** as to Plaintiff's claims for breach of contract

(Count I) and statutory bad faith (Count II), in light of the Court's decision to

grant Plaintiff leave to amend the Complaint with respect to these claims.

Plaintiff's Motion for Leave to Amend Complaint [7] is **GRANTED in**

**part** and **DENIED in part**.  It is **GRANTED** insofar as Plaintiffs seek to

clarify their allegation that the losses underlying the Complaint were caused by

fire.  It is **DENIED** with respect to Plaintiff's fraud and RICO claims, which

AO 72A
(Rev.8/82)

claims, as stated above, are **DISMISSED**.  Finally, Plaintiff's Motion for

Partial Summary Judgment on the Issue of Liability [7] is **DENIED**.

      **SO ORDERED**, this  _22nd_  day of March, 2013.


**RICHARD W. STORY**
United States District Judge

16